## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED FINANCIAL CASUALTY COMPANY,

    Plaintiff,

    v.                                                                      Civ. No. 20-867 JAP/CG

DIANA MORALES d/b/a ROBERG TRUCKING *et al*.,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is a case for declaratory judgment. Plaintiff initiated this action on August 27, 2020, when it filed a COMPLAINT FOR DECLARATORY JUDGMENT RELIEF ("Complaint") (Doc. 1), seeking a declaration of no coverage under a Commercial Auto Policy, Compl., Ex. A ("Policy") that it issued to Diana Morales d/b/a Roberg Trucking ("Morales"). Plaintiff's request for relief stems from two ongoing lawsuits filed in New Mexico state court: (1) wrongful death brought by Defendants Lopez, Fernandez-Renteria, and Grado-Sanchez ("Estate Defendants") against Morales, as well as others, and (2) negligence brought by Defendant Patrick Smith against Morales, among others. Plaintiff is currently defending Morales under a reservation of rights in both causes of action.

In response to the Complaint, Estate Defendants filed a MOTION TO DISMISS (Doc. 6) requesting that this Court decline to exercise its discretionary jurisdiction over this matter because they believed that the underlying New Mexico state court litigation controlled whether certain Policy exclusions abrogate Plaintiff's duty to defend and indemnify Morales. But the Court declined Estate Defendants' request and retained jurisdiction. *See* MEMORANDUM OPINION AND ORDER (Doc. 32). In doing so, the Court noted "the extraordinary posture" of their motion, which they brought "in part to argue that Plaintiff *must continue defending* non-movant Defendant

1

Morales in the two underlying New Mexico state court lawsuits." Doc. 32 n.1 (emphasis added). That is, Estate Defendants, as non-insured state court plaintiffs currently suing Morales, asserted that Plaintiff has a duty to defend Morales against them under the Policy, even though Morales has not made that argument herself.

This leads to the instant issue: Morales has yet to appear or file a responsive pleading in this action. Accordingly, on January 27, 2021, Plaintiff filed a REQUEST FOR CLERK'S ENTRY OF DEFAULT (Doc. 36), which was promptly followed by the CLERK'S ENTRY ON DEFAULT (Doc. 37). Then, on January 29, 2021, Plaintiff filed a MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 (Doc.38), requesting default judgment against Morales on both issues central to this litigation, i.e., that it owes no duty to defend her in the underlying state court actions nor to indemnify her from any resulting liability. For his part, Defendant Smith maintains that default judgment is inappropriate because there are multiple defendants, all of which are similarly situated, and, therefore, granting Plaintiff's request creates a risk of inconsistent judgments. Doc. 39 ("Smith Response"). Or put another way, Defendant Smith notes that, if the Motion is granted, the Court would be entering default judgment against her on the indemnification issue but then could later find coverage under the Policy on summary judgment.

Rather than focus on Defendant Smith's argument, Estate Defendants once again advocate on Morales' behalf, this time asserting that the Court does not have personal jurisdiction over Morales, which is required under Rule 55, *see e.g.*, *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment is void without personal jurisdiction), because process

was not properly effectuated in accordance with New Mexico law. *See* Estate Defs.' Resp., *passim*.[1]  The Court agrees that several infirmities exist with Plaintiff's service of Morales.

### 1.  ANALYSIS

#### A.  Federal Rule of Civil Procedure 55

Federal Rule of Civil Procedure 55 mandates the process for default judgment. Upon a showing by affidavit or otherwise, the clerk of the court must enter default against a party who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). After the clerk enters default, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2). Here, Plaintiff has already obtained a clerk's entry of default against Morales, s*ee* Docs. 36 (request), 37 (entry of default), and applied to the Court for a default judgment via the instant Motion.

---

[1] The Court has serious concerns about whether Estate Defendants can even advance these arguments.  For starters, the Federal Rules of Civil Procedure evince that the personal jurisdiction arguments asserted by Estate Defendants are improper at this juncture.  Federal Rule of Civil Procedure 12(b)(2) requires a party alleging the lack of personal jurisdiction to raise that defense either in its responsive pleading or in a motion filed in lieu of its responsive pleading. *See* Fed. R. Civ. P. 12(b)(2).  The same holds true for challenges to service of process. *See* Fed. R. Civ. P. 12(b)(5). If a party files a Rule 12(b) motion in lieu of its responsive pleading but does not raise lack of personal jurisdiction or insufficient process, Rule 12(h)(1)(A) provides that this party has waived its right to do so.  Fed. R. Civ. P. 12(h)(1)(A) ("[a] party waives any defense listed in Rule (b)(2)-(5) by . . . omitting it from a [pre-answer] motion."); *see also Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1236 (10th Cir. 2016) (defendant waived personal jurisdiction under Rule 12(h) & (g)).  Therefore, a straightforward application of this principle to Estate Defendants, who already have filed a 12(b) motion (Doc. 6) as well as an answer to the Complaint (Doc. 33), of which both did not raise the issue of personal jurisdiction or insufficient process, is to find that they have waived their ability to challenge either here, whether it is on their own behalf or Morales's. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A defect in the district court's jurisdiction over a party, however, is a personal defense which may be asserted or waived by a party. . . . A personal defense may not be raised by another on behalf of a party.").

Second, Estate Defendants do not have standing to contest the validity of service on Morales. *See id.*; *see also Deutsche Bank Nat. Tr. Co. v. Palmer*, 43 N.Y.S.3d 766 (N.Y. Sup. Ct. 2016) (co-defendant lacked standing to challenge service); *IMC Mortg. Co. v. Vetere*, 142 A.D.3d 954, 955, 37 N.Y.S.3d 329, 330 (2016) (co-defendant lacked standing to challenge service in foreclosure action*); In re Enlarging, Extending & Defining Corp. Limits & Boundaries of City of Biloxi*, 109 So. 3d 529, 536 (Miss. 2013) ("Because Biloxi is raising personal jurisdiction on behalf of third parties, and because Biloxi failed to raise this issue at the trial-court level, we find that Biloxi not only lacks standing to raise this issue, it also waived it.").  Nonetheless, because the Court has an obligation to ensure its jurisdiction over the parties, the issue is not dispositive to the outcome.

However, the Court must follow two steps before granting default judgment in favor of Plaintiff.  First, the Court must ensure that it has subject matter and personal jurisdiction.  *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void).  Second, the Court must consider whether the well-pleaded allegations of fact—which a defendant admits upon default—support a judgment on the claims against the defaulting defendant.  *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff in a default action did not need to prove complaint's factual allegations; however, judgment must be supported by a sufficient basis in the pleadings).

1) Jurisdiction

   a) Subject Matter Jurisdiction

Because the Declaratory Judgment Act is not an independent source of jurisdiction, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950), *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996), subject matter jurisdiction exists only if the potential suit meets the strictures of either 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity).

Diversity jurisdiction is present here under § 1332.  Plaintiff is incorporated under the laws of and its principle place of business is located within the state of Ohio.  No defendant—entity or individual—in this action is domiciled, incorporated, nor maintains its principle place of business within the state of Ohio.  Thus, there is complete diversity between the parties.  Additionally, based on the allegations of Complaint, which clearly illustrate Plaintiff's potential liability under a one-million-dollar commercial automobile Policy in two underlying state court actions, the $75,000

amount in controversy threshold is easily satisfied.  The Court has subject matter jurisdiction over this cause of action.

b)  Jurisdiction over Morales

The Court does not reach the same conclusion with respect to personal jurisdiction, which requires service of process that complies with Federal Rule of Civil Procedure 4.  *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983) (per curiam) ("Here, the trial court denied the motion without considering the defendant's contention that the default judgment was void pursuant to Rule 60(b)(4) for lack of personal jurisdiction.  The record does not reveal whether the complaint was served on the defendant.").

The Federal Rules of Civil Procedure state that "an individual . . . may be served . . . by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made."  Fed. R. Civ. P. 4(e)(1) (emphasis added).  Here, Plaintiff's Certificate of Service, Doc. 23–2, indicates that the summons and complaint were delivered to an "individual" at an address in Texas, therefore, Plaintiff's service (or attempted service) of Morales must comply with either New Mexico or Texas law.  In New Mexico, "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."  NMRA, Rule 1-004(E)(1).  "Personal service of process shall be made . . . to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service."  *Id*.  Rule 1-004(F)(1)(a).  Personal service can also be accomplished "by mail or commercial

courier service . . . to the defendant at the defendant's last known mailing address." *Id*. Rule 1-004(F)(1)(b), 1-004(F)(1)(3).

In Texas, "the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(1)–(2).  In addition, Texas allows service—if traditional methods of in-person and mail service fail—"by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."  Tex. R. Civ. P. 106(b)(1)–(2).

Plaintiff's process server made the following attempts to serve Morales:

**October 12, 2020 at 7:38 P.M. I**: attempted service at the address given. No one answered the door. I left a notice.  Three vehicles were present with plate #'s: JWF7222=Diane Roberg; HRK 1761 =Jose Sanchez; DK6Z508=Diana Morales. The mail read Mike Moeller.

**October 15, 2020 at 5:55 P.M. I**: attempted service at the address given.  The mailbox was full and the previous notice was still in the door jamb.  I wrote "second attempt" on the notice.

**October 19, 2020 at 4:35 P.M. I**: [] attempted service at the address given. The notice had been removed.  I checked with the neighbor asking what time Diana usually got home and what she drives.  The neighbor said she drives a white Ford F150 and gets home after dark.  Two vehicles were present registered to Diana Morales.

**October 26, 2020 at 6:15-6:45 P.M. I**: [] attempted service at the address given.  I waited for Diana to get home in her white truck but she didn't show.  I left another notice.

**November 05, 2220 at 6:03-6:25 P.M. I**: attempted service at the address given. Diana did not show again.  I left another notice.

**November 13, 2020 at 6:31-7:25 P.M. I**: attempted service at the address given. There was no answer at the door. Four vehicles were present, three registered to Diana Morales. I left and came back at 9:28 P.M. and Diana's white truck was present. She would not come to the door after repeated knocking.

**November 16, 2020 at 7:05 A.M. I**: attempted service at the address given. Diana's white truck was not present and no one answered the door. I left another notice.

**November 19, 2020 at 9:05-9:30 P.M. I**: attempted service at the address given. Diana's white truck was not present. At the request of the Attorney, I securely taped the documents to her front door and loudly explained that Diana Morales had been served legal documents.

*Id*. (bold in original). These failed attempts led the process server to believe that "[Morales] is actively avoiding service and has more than adequate knowledge of this case." *Id*. Because of the server's inability to personally serve Morales, Plaintiff sent service via "regular and certified receipt mail (70191120000229268011)" to Morale's home of record. *See* Doc. 23 (certificate of service via certified and regular mail). Process "was delivered to an individual at [Morale's residence] at 5:37 pm on November 23, 2020." *Id*., Ex. B (USPS tracking history).

First, several issues arise under New Mexico's service rules. For example, Morales's failure to answer the door, intentionally or otherwise, does not constitute refusal to accept service under Rule 1-004(F)(1)(a), which then would have allowed Plaintiff to leave the notice and complaint in the jamb or taped to the door. Although the Court questions whether an in-person opportunity to refuse is truly necessary, New Mexico courts require more than mere speculation that Morales actively refused to answer the door. *See Edmonds v. Martinez*, 215 P.3d 62, 67 (N.M. Ct. App. 2009) ("[T]he person to be served must first be found, and then offered the opportunity to refuse service before the paperwork may be left where the individual has been found."); *see also Sanchez v. Cano-Marquez*, 2015 WL 13662864, at *1 (D.N.M. May 21, 2015) (adopting Magistrate Judge's PFRD that concluded service was improper in part because process server

never spoke or made contact with the defendant, therefore, the defendant had no opportunity to refuse service); *Carrasco v. New Mexico Dep't of Workforce Sols.*, 2011 WL 13289696, at *5 (D.N.M. Aug. 10, 2011) ("[T]here is no evidence proffered to suggest that Ingram was found at the NMDWS office on the date of service or that Beagles was given an 'opportunity to refuse service before the paper [was] left.'").  Specifically, Plaintiff establishes only that Morale's white F150 was present once during the eight service attempts, and that was at 9:28 PM.  That cars registered to Morales were at the residence does not translate into Morales being inside and actively refusing service.  Clearly, if the white F150 was present more than once the outcome might be different, but those facts are not before the Court.

Second, delivering service via certified mail to an "individual" without a signature and confirmed only by a USPS tracking history report runs afoul of Rule 1-004(F)(1)(b), which, through reference to Rule 1–004(E), requires that "the *defendant or a person authorized by appointment . . . signs a receipt* for the envelope or package containing the summons and complaint, writ or other process."  Rule 1–004(E) (emphases added); *see also* Rule 1-004(F)(1)(b) (service by mail "as provided in Subparagraph (3) of Paragraph E of this rule").  *See Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1141 (D.N.M. 2013) ("Although the New Mexico courts have not addressed the specific issue of whether authority to accept mail constitutes authority to accept service of process, this Court finds persuasive those decisions from other jurisdictions with analogous service statutes holding that authority to accept mail for a defendant does not confer authority to accept service on that defendant's behalf.").  Thus, Plaintiff failed to comply with New Mexico service rules.

The Court reaches the same conclusion with regard to Texas's service rules. As stated above, Texas has only two available avenues to Plaintiff here.  That is, the third possibility, which

allows alternative service, but must be authorized by the Court, does not apply here because Plaintiff has not requested alternative service.  As for the two relevant options, both are offended. Plaintiff did not serve Morales personally, Tex. R. Civ. P. 106(a)(1), nor did Plaintiff comply with the mail rule, *id*. 106(a)(2), given that the record shows only that an "individual" accepted process at the residence rather than Morales or her authorized agent.  *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (unpublished) ("Texas law authorizes service of process via registered or certified mail, with return receipt requested. Tex.R. Civ. P. 106(a)(2).  The return receipt must bear the 'addressee's signature.'  Tex.R. Civ. P. 107."); *See HWAT, INC., INDIVIDUALLY AND D/B/A HOME WARRANTY ADMINISTRATORS*, 2021 WL 1229960, at *1 (Tex. App. Apr. 1, 2021) ("We sustain HWAT's argument that there is error on the face of the record because the certified-mail receipt showing service of citation on HWAT's corporate registered agent does not show that the individual who signed the receipt has a connection to the corporate registered agent."); *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 638 (Tex. App. 2015) (record did not reflect that lender was served through an agent authorized to receive service of process); *see also Nagy v. George*, 286 F. App'x 135, 137 (5th Cir. 2008) (unpublished) ("Nagy served defendants by personally sending them the summons and complaint via certified mail.  This method of service did not conform to either the established federal or state methods of service. Fed. R. Civ. P. 4; Tex. R. Civ. P. 106(a)(2).")

Plaintiff has failed to properly serve Morales.  Consequently, the Court cannot enter Default judgment against her.  But the Court does conclude that Plaintiff's demonstrated efforts warrant an extension of time to properly serve Morales.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order

that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").  Indeed, Plaintiff has shown good cause for the failure.  Therefore, the service period must be extended.

I.  **CONCLUSION**

IT IS ORDERED THAT

1.  Plaintiff's MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 (Doc.38) is GRANTED IN PART and DENIED IN PART.

2.  Plaintiff's request for default judgment against Defendant Morales is DENIED.

3.  Plaintiff's request for addition time to serve Morales is GRANTED.

4.  Plaintiff must, absent good cause, serve Morales in accordance with Fed. R. Civ. P. 4 not later than May 17, 2021.[23]

SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff may accomplish this task under either Texas or New Mexico service rules.

[3] In the event that default judgment is revisited by Plaintiff in a future motion, i.e., if Morales fails to appear after service is properly effectuated, the Court recommends that Estate Defendants adhere to what matters to them in this cause of action, i.e., Plaintiff's duty to indemnify (Defendant Smith's argument).  *See Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226 (D.N.M. 2012) (Government had standing to set aside judgment when plaintiff could enforce default judgment against it); *see also* n.1.  Simply put, Plaintiff's duty to defend Morales is of no concern to Estate Defendants nor to Defendant Smith.